UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELLEN MAKAREVICH,,

        Plaintiff,

  v.

USI INSURANCE SERVICES LLC,

        Defendant.

Civil Action No.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant USI Insurance Services LLC ("Defendant") hereby removes this action from the Middlesex County Superior Court of the Commonwealth of Massachusetts.  As grounds for removal, Defendant states as follows:

1.     On January 29, 2025, plaintiff Ellen Makarevich filed a lawsuit in Middlesex County Superior Court, entitled *Ellen Makarevich v. USI Insurance Services LLC*, Civil Action No. 2581CV00224 (the "State Court Action").

2.     The registered agent for Defendant received service of process of the Complaint on January 31, 2025.

3.     Therefore, this Notice of Removal is timely filed.  *See* 28 U.S.C. § 1446(b).

4.     A true and correct copy of all relevant process, pleadings, and orders that have been received by Defendant in the State Court Action is attached hereto as **Exhibit A**.  *See* 28 U.S.C. § 1446(a).

5.     This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4908-2891-3430

6.      Plaintiff is and was a resident of Chelmsford, Massachusetts, Middlesex County, at the time she commenced the State Court Action.  Thus, Plaintiff is a citizen of the Commonwealth of Massachusetts.  Compl. ¶ 1.

7.      For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

8.      Defendant is, and was at the time the State Action was commenced, a company organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Valhalla, New York, which is its "nerve center."

9.      Defendant is a citizen of the states of Delaware and New York because at all relevant times, it has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York.

10.      Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed.  Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

11.      Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

2

12. Without admitting liability or that Plaintiff is entitled to any damages, Defendant states that, given the nature of the potential damages available to Plaintiff under the Complaint, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

13. Plaintiff brings claims of violation of the Massachusetts Weekly Wage Act, Mass. Gen. Laws. ch. 149, § 150. Ex. A, Civil Action Cover Sheet.

14. In her Civil Action Cover Sheet, Plaintiff seeks damages in the amount of $4,031,645.31. *See Id.*

15. Given the nature of Plaintiff's claimed damages, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00.

16. Accordingly, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a). *See Barrell v. Lombardi*, 239 F.3d. 23, 30 (1st Cir. 2001) (the amount in controversy requirement is satisfied when it is not apparent from the face of the complaint that plaintiff "never was entitled to recover a sum equal to, or in excess of" $75,000.00).

17. The requirement for diversity jurisdiction is satisfied and this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332. The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

18. The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Middlesex County Superior Court in the Commonwealth of Massachusetts, which lies within this District.

19. A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, upon the Clerk of the Middlesex County

Superior Court in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

20.    This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via email upon Pro Se Plaintiff.

WHEREFORE, Defendant respectfully requests that the State Court Action hereinafter proceed in the United States District Court for the District of Massachusetts.

Respectfully submitted,

USI INSURANCE SERVICES LLC,

By its attorneys,

*/s/ Shea A. Miller*
Alice A Kokodis, Bar No. 631401
akokodis@littler.com
Shea A Miller, Bar No. 699326
samiller@littler.com
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, Massachusetts 02110
Telephone:    617.378.6000
Facsimile:    617.737.0052

Dated:  February 21, 2025

4

4908-2891-3430

## <u>CERTIFICATE OF SERVICE</u>

I, Shea A. Miller, hereby certify that on this 21st day of February 2025, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via email and first class mail to *pro se* Plaintiff as follows:

Ellen Makarevich
4 Justin Road
Chelmsford, MA 01824
ellen.makarevich@gmail.com


*/s/ Shea A. Miller*
Shea A. Miller

4908-2891-3430