UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLEN MAKAREVICH,<br><br>Plaintiff,<br><br>v.<br><br>USI INSURANCE SERVICES LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 1:25-cv-10434-JEK<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Plaintiff Ellen Makarevich, proceeding *pro se*, alleges that she has not received compensation owed to her by defendant USI Insurance Services LLC for hours she worked between March 1, 2022 and January 29, 2025. Pending before the Court are USI's motion for judgment on the pleadings and for sanctions, and Makarevich's motions to increase her compensation, award legal fees, allow admission of evidence, and amend the description of the lawsuit. For the reasons that follow, the Court will grant USI's motion for judgment on the pleadings with prejudice insofar as it relates to claims arising from conduct pre-dating June 23, 2023, and without prejudice insofar as it relates to conduct after that date. USI's request for sanctions, as well as Makarevich's motions, will be denied.

### BACKGROUND

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court accepts as true all well-pleaded facts in the complaint, with all reasonable inferences drawn in Makarevich's favor. *Doe v. Brown Univ.*, 896 F.3d 127, 130 (1st Cir. 2018). "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated

therein and facts susceptible to judicial notice," *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 182 (1st Cir. 2006), as well as "documents the authenticity of which are not disputed by the parties," *Lambert v. Fiorentini*, 949 F.3d 22, 25 (1st Cir. 2020) (quotation marks omitted). Under this standard, the Court may take judicial notice of the Massachusetts Commission Against Discrimination ("MCAD") filings that USI attached to its motion, though not for the truth of the facts set forth in those documents. *See* ECF 8-2 through 8-4; Kenneth W. Graham, Jr. & Daniel D. Blinka, 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed. May 21, 2025 update). It may also consider the Confidential Separation Agreement and General Release ("Separation Agreement") between Makarevich and USI. ECF 8-1. The Agreement was not referenced in the complaint, but neither party disputes the authenticity of the document, and Makarevich references it in four of her motions, as well as her opposition to the motion to dismiss. *See* ECF 12, ¶ 4; ECF 13, ¶ 5; ECF 14, ¶ 4; ECF 15, ¶ 5; ECF 17, ¶ 3. Consequently, the Agreement may be considered without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court does not consider the other exhibits submitted by USI in support of its motion for judgment on the pleadings. *See* ECF 8-5, 8-6, 8-7.

Makarevich is a former employee of USI. *See* ECF 1-1, ¶ 3; ECF 8-1, § 1. The last day of her employment was June 8, 2023. ECF 8-1, § 1. She received the Separation Agreement that day and signed it on June 23, 2023. *Id.* at 9. Under the Separation Agreement, Makarevich agreed that after June 8, 2023, she would "not be considered an employee of the Company for any purpose" and would not be "eligible for any further compensation, bonuses or other benefits from the Company." *Id.* § 1. In exchange for certain separation benefits, Makarevich "release[d], waive[d] and forever discharge[d] [USI] . . . from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments,

damages, expenses, claims or demands, in law or in equity, which [she] ever had, now has, or which may arise in the future, regarding any matter arising on or before the date of [Makarevich's] execution of [the] Agreement." *Id.* § 3(a). Makarevich further agreed that she had "been paid all wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form of remuneration of any kind or nature to which [she] may be entitled." *Id.* § 4(b). The Settlement Agreement did not, however, "waive rights or claims that may arise after the date of [Makarevich's] execution of [the] Agreement." *Id.* § 6(b).

On May 16, 2024, Makarevich filed a charge with MCAD alleging sexual harassment in violation of Title VII and M.G.L. c. 151B, § 4. ECF 8-2, at 2. After USI moved to dismiss her claim, ECF 8-3, MCAD issued an order dismissing the action, holding that Makarevich had knowingly and voluntarily released her claims in the Separation Agreement, ECF 8-4, at 4.

Makarevich now alleges in this lawsuit that she "has not received compensation for the hours worked between March 1, 2022 and January 29, 2025." ECF 1-1, ¶ 3. Her complaint states that "[a]n email containing the current Request for Proposals (RFPs) was distributed each month on the fourth Tuesday." *Id.* She also alleges that a "senior staff member has continually fixated" on her and that the "lack of response has hindered [her] access to proper medical treatment." *Id.* Because "a timely response was not provided," she claims that she was delayed in bringing the matter to court, benefitting USI. *Id.* On the Civil Action Cover Sheet, she notes that her claim is based on employment discrimination, but her complaint does not identify any cause of action that she wishes to assert. *Id.* at 3.

Makarevich filed suit in Middlesex Superior Court on January 29, 2025, seeking $4,031,645.31 in damages. ECF 1-1. Invoking diversity jurisdiction, USI removed the case to this Court on February 21, 2025 and filed a motion for judgment on the pleadings and for sanctions a

3

week later. ECF 1, 6. Makarevich opposed the motions. ECF 17. She also filed motions to: (1) increase compensation, (2) award legal fees, (3) allow admission of evidence, and (4) amend the description of the lawsuit. ECF 12 through 15. USI opposed. ECF 16. Makarevich then moved for leave to file a supplement to her motion to allow admission of evidence. ECF 25. After a hearing, the Court took the motions under advisement. ECF 27.

## DISCUSSION

### I. Motion for Judgment on the Pleadings.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) "is treated much like a Rule 12(b)(6) motion to dismiss." *Pérez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). Accordingly, "'the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom.'" *Id.* (quoting *R.G. Fin. Corp.*, 446 F.3d at 182). Because a Rule 12(c) motion seeks "an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988). "[A] court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point." *R.G. Fin. Corp.*, 446 F.3d at 182.

USI argues, and the Court agrees, that Makarevich released all claims against USI arising from events that predate June 23, 2023, the day she signed the Separation Agreement. "[A] written contract" such as the Separation Agreement, "clear in its terms and freely entered into, is binding on both parties according to its terms." *Crocker v. Townsend Oil Co., Inc.*, 464 Mass. 1, 12 (2012) (quotation marks omitted). "Massachusetts law favors the enforcement of releases," which "represent a practice our courts have long found acceptable." *Sharon v. City of Newton*, 437 Mass.

4

99, 105 (2002) (quotation marks omitted). "[A] 'general release of all demands embraces everything included within its terms.'" *Crocker*, 464 Mass. at 12 (quoting *Radovsky v. Wexler*, 273 Mass. 254, 257 (1930)); *see Eck v. Godbout*, 444 Mass. 724, 728 (2005) (explaining that even where a release is "prompted by the settlement of a specific dispute or resolution of a specific issue, . . . broad wording in the release operates to settle all other, unrelated matters, even if they were not specifically in the parties' minds at the time the release was executed").

By signing the Settlement Agreement to accept her severance benefits, Makarevich affirmed that she read the contract carefully, understood the terms she agreed to, had a full opportunity to review the conditions, and executed it "freely, knowingly and voluntarily." ECF 8-1, at 8 (capitalization omitted); *see also id.* at 9 (providing Makarevich with a week to review the contract, though Makarevich in fact signed the contract over two weeks after she received the contract on June 8, 2023). She further acknowledged that she had been fully compensated as of the date of execution and that she had received "all wages, commissions, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form[s] of remuneration" that were due. *Id.* § 4(b). And under Section 3(a), Makarevich agreed to "releas[e], waiv[e] and forever discharg[e]" all claims against USI "regarding any matter arising on or before the date of [Makarevich's] execution of [the] Agreement," including, but not limited to, all claims arising under federal and state antidiscrimination laws. ECF 8-1, § 3(a). The Agreement is "stated in clear and unmistakable terms" that are "understandable to the average individual." *Crocker*, 464 Mass. at 14. Accordingly, the release is enforceable, and Makarevich's claims arising from matters on or preceding June 23, 2023 must be dismissed.[1]

---

[1] Makarevich's pre-June 23, 2023 claims fail for the additional reason that she did not plausibly allege facts to support a claim against USI. *See Pérez-Acevedo*, 520 F.3d at 29. But even if she had asserted a claim under the Massachusetts Wage Act, as USI assumes, the release is enforceable

As for claims postdating June 23, 2023, even construed "liberally," the complaint does not set forth plausible factual allegations to state a claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted) (courts must afford a liberal construction to *pro se* pleadings). Makarevich does not specify, for example, whether USI rehired her after her June 23, 2023 separation from the company; if so, when that occurred; how many hours she worked during that period; or what her compensation rate was. And while Makarevich claims that she was subject to employment discrimination, she does not identify the cause of action she wishes to assert, provide any factual allegations to substantiate her claim that a staff member "fixated" on her, or explain how she was harmed by that behavior. USI is entitled to judgment on the pleadings as to claims postdating June 23, 2023 because Makarevich's allegations, "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007)).

However, because Makarevich is proceeding *pro se*, the Court will grant her leave to file an amended complaint, though solely as to claims against USI that arise from conduct post-dating June 23, 2023, the day she signed the Separation Agreement. *See* Fed. R. Civ. P. 15(a)(2) (courts must freely permit amendment "when justice so requires"). Should she elect to file a new pleading, the amended complaint would supersede her initial complaint, so Makarevich must reallege any

---

because, though the contract does not explicitly refer to the Wage Act, Makarevich explicitly affirmed that she had been paid all compensation to which she was entitled. Thus, the contract "specifically refer[red] to the rights and claims under the Wage Act that the employee is waiving" and is enforceable because it "ensure[d] that employees do not unwittingly waive their rights under the Wage Act." *Crocker*, 464 Mass. at 14-15; *see MacLean v. TD Bank, N.A.*, No. 14-cv-40038-TSH, 2014 WL 3530813, at *3-4 (D. Mass. July 14, 2014) (interpreting *Crocker* to "not require such a release to contain an explicit citation to the Wage Act, so long as the release makes it clear that an employee is waiving those rights to be paid any wages due under the Wage Act").

facts from her original complaint that she wishes to assert in her amended complaint. *See ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). The amended complaint must also comply with the Federal Rules of Civil Procedure. Under those rules, the case caption of the amended complaint should clearly name each party Makarevich intends to sue, Fed. R. Civ. P. 10(a), and she should write her complaint in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). She must also allege "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quotation marks omitted). With her complaint, Makarevich may also include exhibits relevant to her claims, *see* Fed. R. Civ. P. 10(c), but "use of exhibits does not excuse [her] of [her] responsibility to clearly set forth the relevant allegations in the body of the complaint," *Wooten v. Kahn*, No. 16-cv-11642-DJC, 2016 WL 5346932, at *1 (D. Mass. Sept. 22, 2016). Finally, any amended complaint is subject to Federal Rule of Civil Procedure 11, which provides, among other things, that through the filing of a pleading, an attorney or *pro se* litigant represents that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

## II.  Makarevich's Motions.

Makarevich's motion to increase the amount of compensation owed to her from $4,031,645.31 to $12,722,831,645.31, as well as her motions to allow admission of evidence and to amend the description of the lawsuit, will be denied in light of the Court's order allowing Makarevich to amend her complaint. ECF 12, 14, 15, 25. Makarevich may incorporate the changes

she requests in those motions in her amended complaint, should she choose to file such an amendment, so long as she also remains in compliance with the Federal Rules of Civil Procedure.

Makarevich's motion for legal fees will be denied because she has identified no legal basis for her request. ECF 13. While federal courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if a litigant submits an affidavit with a statement of all of her assets and shows that she is "unable to pay such fees or give security therefor," Makarevich has made no such showing. 28 U.S.C. § 1915(a)(1).

### III.    Motion for Sanctions.

USI also requests that the Court impose sanctions on Makarevich pursuant to Federal Rule of Civil Procedure 11. In USI's opinion, Makarevich should be deemed a "vexatious litigant," and the Court should issue an order excusing USI from responding to any future *pro se* action brought by Makarevich against USI in this district, unless directed to respond by the court, as well as award USI attorney's fees and costs related to this action. ECF 7, at 13-15.

"By presenting to the court a pleading, . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief," the document (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Parties who violate this rule may be subject to

sanctions under Rule 11(c) on the court's own initiative or on an opposing party's motion. Fed. R. Civ. P. 11(c)(2)-(3).

If a party moves for sanctions, it must follow certain mandatory procedural steps. *See Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024). "The motion '*must* be made separately from any other,' and it '*must* be served [on the offending attorney or unrepresented party] under [Federal Rule of Civil Procedure] 5, but it *must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.'" *Id.* (quoting Fed. R. Civ. P. 11(c)(2)) (emphases in original). These rules create a "'safe harbor,'" which "'allow[s] a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation.'" *Id.* (quoting *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005)). USI failed to meet at least one of these mandatory procedural requirements—that the motion for sanctions "be made separately from any other motion," Fed. R. Civ. P. 11(c)(2)—because it filed its motion for sanctions as part of its motion for judgment on the pleadings. Its motion for sanctions under Rule 11 will, accordingly, be denied without prejudice.

## CONCLUSIONS AND ORDERS

For the foregoing reasons, USI's motion for judgment on the pleadings and for sanctions, ECF 6, is GRANTED in part and DENIED in part. The motion for judgment on the pleadings is GRANTED with prejudice to the extent Makarevich asserts claims arising from events on or before June 23, 2023, and is GRANTED without prejudice to the refiling of an amended complaint to the extent Makarevich asserts claims arising from events that postdate June 23, 2023. Any amended complaint must be filed on or before August 4, 2025. Failure to file an amended

complaint on or before that date will result in dismissal of this action. USI's motion for sanctions is DENIED without prejudice. Makarevich's motions, ECF 12 through ECF 15 and ECF 25, are DENIED.

    SO ORDERED.

                                                          /s/ Julia E. Kobick
                                                          JULIA E. KOBICK
                                                          UNITED STATES DISTRICT JUDGE

Dated: July 14, 2025