UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLEN MAKAREVICH, <br><br> Plaintiff, <br><br> v. <br><br> USI INSURANCE SERVICES LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:25-cv-10434-JEK |

## ORDER OF DISMISSAL

**KOBICK, J.**

Plaintiff Ellen Makarevich, proceeding *pro se*, brought this lawsuit claiming that she has not received compensation owed to her by defendant USI Insurance Services LLC for hours she worked between March 1, 2022 and January 29, 2025. On July 14, 2025, this Court granted in part and denied in part USI's motion for judgment on the pleadings and for sanctions. ECF 29. The Court concluded that, under the terms of a Separation Agreement between Makarevich and USI signed on June 23, 2023, Makarevich is barred from asserting claims against USI to the extent those claims arise out of conduct that occurred on or before June 23, 2023. *Id.* at 4-5. But the Court determined that the Separation Agreement did not bar Makarevich's claims to the extent they arise out of conduct that took place between June 24, 2023 and January 29, 2025. *Id.* at 6. Nevertheless, Makarevich's complaint did not set forth plausible factual allegations to state a claim arising out of conduct postdating June 23, 2023. *Id.* As to that latter category of potential claims, the Court granted USI's motion for judgment on the pleadings without prejudice, and it then granted Makarevich leave to file an amended complaint. *Id.* at 6-7. The Court made clear that any such amended complaint could only assert claims pertaining to conduct postdating June 23, 2023, the

day the parties signed the Separation Agreement, and it pointed Makarevich to the relevant Federal Rules of Civil Procedure governing the pleading requirements. *See id.* at 6-7 (discussing Federal Rules of Civil Procedure 8, 10, and 11). The Court further required Makarevich to file any such amended complaint on or before August 4, 2025, and it warned her that failure to file an amended complaint by that date would result in dismissal of her lawsuit. *Id.* at 9-10.

Makarevich has not filed an amended complaint in accordance with the Court's July 14, 2025 order. Instead, she has filed three motions: two motions to amend the description of her lawsuit and another motion to increase compensation. *See* ECF 31, 33, 44. The motions to amend the description of the lawsuit are moot, because the Court already granted Makarevich leave to file an amended complaint in its July 14, 2025 order. *See* ECF 29, at 6-7, 9-10. Nor do any of the three motions set forth a plausible set of facts or cause of action that could conceivably be construed as an amended complaint. Thus, in accordance with the Court's July 14, 2025 order, Makarevich's complaint will be DISMISSED in its entirety for failure to state a claim and for lack of prosecution. *See* Fed. R. Civ. P. 12(c); *Díaz-Santos v. Dep't of Educ. of the Commonwealth of Puerto Rico*, 108 F. App'x 638, 640 (1st Cir. 2004) (district courts have "the power to . . . dismiss a suit for failure to prosecute"). Makarevich's motions to amend the description of the lawsuit, ECF 31, 44, and to increase compensation, ECF 33, are DENIED as moot.

SO ORDERED.

Dated: August 5, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE